UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      v.<br><br>WAYNE HAMERLING,<br>DIANNE HAMERLING,<br>WARREN BRONSNICK,<br>BERNARD ROSENBLUM,<br>LUIS RODRIGUEZ, and<br>ALFREDO CASTANEDA,<br><br>                Defendants. | Civil Action No. 2:15-mj-7010<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on the motions to dismiss filed by Defendants Luis Rodriguez, Wayne Hamerling, Dianne Hamerling, and Alfredo Castaneda (collectively, "Moving Defendants" or "Movants").[1] The Court heard oral argument on August 13th, 2015. For the reasons set forth below, the Court denies the motion filed by Defendant Rodriguez and grants the other motions and dismisses the criminal complaint as to Defendants Wayne Hamerling, Dianne Hamerling, and Alfredo Castaneda without prejudice.

**I.    Introduction**

On January 14, 2015, Defendants were charged via criminal complaint pursuant to Rule 3 of the Federal Rules of Criminal Procedure and pursuant to 18 USC §§ 1956(a)(1)(B)(i), (a)(1)(B)(ii), (h), and 18 USC § 1957, in relation to an alleged conspiracy to launder narcotics proceeds. (Complaint, ECF No. 1.) On January 16, 2015, Defendants were arrested and made their initial appearances before the Court.[2] (ECF Nos. 9-37.) The Movants claim violations of their

---

[1] Defendants Bronsnick and Rosenblum neither filed nor joined a motion to dismiss.
[2] The Government asserts that Defendants actually were arrested on January 15, 2015. This discrepancy is immaterial here.

rights under the Speedy Trial Act, 18 USC § 3161, as a result of the Government's failure to return timely indictments against them, while the Government maintains that no such violation occurred and that the Movants have improperly calculated their speedy trial clocks. (ECF Nos. 68, 74, 75, 77, 78, 80, 87.)

**II.     Jurisdiction**

The Court preliminarily addresses its jurisdiction and role in considering the instant motions to dismiss the criminal complaint. A Magistrate Judge generally entertains dispositive motions on a report and recommendation basis upon a referral from a District Judge. See 28 USC § 636(b); F. R. Cr. P. 59(b)(1); L. Cr. R. 5.1. Here, however, due to the early stage of the proceedings, there is no District Judge assigned to the matter and hence there is no referral. See F. R. Cr. P. 3. Moreover, § 636 and Local Rule 5.1(o) are silent as to motions to dismiss a criminal complaint; each provision only contemplates "motions to dismiss or quash an indictment or information" referred to a Magistrate Judge by a District Judge. And while the language of Federal Rule 59(b) encompasses motions to dismiss a criminal complaint—i.e., "matter[s] that may dispose of a charge"—the Rule addresses such motions only in the context of a referral from a District Judge. Nevertheless, Local Rule 5.1(n)-(o), by reference to § 636(b), plainly authorizes this Court to "[h]ear[] and determin[e] any criminal pretrial motion or other criminal pretrial matter" aside from, *inter alia*, "motions to dismiss or quash an indictment or information[.]" The Court therefore proceeds to consider the issues raised by the motions to dismiss and oppositions thereto with the understanding that this Opinion may ultimately serve as a report and recommendation for disposition.

**III.     Discussion**

**A.     The Speedy Trial Act**

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested." 18 USC § 3161(b); see also § 3162(a)(1) ("such complaint shall be dismissed or otherwise dropped" for failure to timely file an indictment or information). Further, certain "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." § 3161(h). Two such excludable periods of delay are "delay resulting from any pretrial motion," and "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(1)(D), (h)(7)(A). The Act likewise excludes "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6). To determine whether a defendant has suffered a violation under the Speedy Trial Act, the Court must determine the aggregate number of days elapsed less the days that are properly excluded from that sum. See United States v. Claxton, 766 F.3d 280, 291-93 (3d Cir. 2014); United States v. Maryea, 704 F.3d 55, 65 (1st Cir. 2013) cert. denied, 134 S. Ct. 680 (2013).

**B.     Overview**

As detailed in their respective briefs, the Movants' calculations yield net periods of greater than thirty days, while the Government's calculations do not. (ECF Nos. 68-2, 74, 75, 77-1, 78-1,

80-1, 87-1.) There is no dispute that more than thirty aggregate days have elapsed from the Defendants' initial appearances to the filing of the instant motions. Further, the Movants and the Government acknowledge that continuances granted to an individual Defendant create excludable time as to that Defendant's speedy trial clock. The parties, however, dispute 1) whether one's request for modification of conditions of release gives rise to excludable time as to that person, and 2) whether an excludable event attributable to one Defendant applies to every Defendant. The Court addresses these issues in turn.

### C.      Defendant Rodriguez's Motion to Dismiss

The Court now addresses the calculation of excludable time and first considers whether one's request for modification of conditions of release gives rise to excludable time as to that person. This analysis applies only to Defendant Rodriguez because the other Movants requested— and were granted—modifications of their conditions of release during periods in which their speedy trial clocks were already tolled by virtue of continuances under 18 USC § 3161(h)(7)(A).[3] Consequently, there is no dispute that days associated with those continuances are properly excluded from the speedy trial calculation.

Defendant Rodriguez, on the other hand, submitted a letter requesting permission to travel while no continuance was in effect; the Government took no position on the letter and the Honorable Steven C. Mannion, United States Magistrate Judge, granted the request, at least in part.[4] (ECF Nos. 65, 67.) The Government and Defendant Rodriguez contest whether the letter created excludable time as a "pretrial motion" pursuant to 18 USC § 3161(h)(1)(D). While the

---

[3] The sole exception to this is Defendant Castaneda, for whom a release Order was issued one day after the expiration of a continuance. (ECF Nos. 48, 56.) The single day does not affect the outcome reached here.

[4] As the Government pointed out during oral argument, the letter sought broader relief than that which was granted. Although it does not change the analysis here, it is not clear from the record whether Defendant Rodriguez modified his initial request or whether Judge Mannion partially denied the initial request.

- 4 -

Court appreciates Defendant Rodriguez's argument that the letter request "was not styled a motion when filed, precipitated no response from the Government, and was granted by Judge Mannion without appearance or argument[,]" there is ample case law establishing a broad construction of § 3161(h)(1)(D).

"Delay resulting from any pretrial motion, from the date of the filing of the motion through the date of the prompt disposition of the motion, is excluded from the computation of Speedy Trial Act time." United States v. Arbelaez, 7 F.3d 344, 347 (3d Cir. 1993). Moreover, a "lack of formality does not preclude" a defendant's request "from attaining, for Speedy Trial Act purposes, the status of a pretrial motion." Id. at 347-48 (concluding that the district court properly considered an informal letter request for a continuance to fit within the classification of a motion); see also United States v. Tinklenberg, 579 F.3d 589, 600 (6th Cir. 2009) aff'd on other grounds, 131 S. Ct. 2007 (2011) (collecting cases and concluding that "[e]very circuit to have addressed the issue appears to have held that the filing of any pretrial motion stops the Speedy Trial clock, regardless of whether the motion has any impact on the trial's start date"); United States v. Richardson, 421 F.3d 17, 28-29 (1st Cir. 2005) ("[W]e have read the term 'pretrial motion' broadly to encompass all manner of motions for purposes of tolling the speedy trial clock, ranging from informal requests for laboratory reports to implied requests for a new trial date." (internal citations omitted)); United States v. Severdija, 723 F.2d 791, 793 (11th Cir. 1984) (finding that a motion to reduce bond constitutes excludable delay resulting from any pretrial motion). It is clear, then, that a party's pretrial submission or request—in whatever form—is considered a motion for Speedy Trial Act purposes if it contains a request for relief that requires the Court's intervention. Cf., United States v. Bloate, 655 F.3d 750, 756-57 (8th Cir. 2011) (collecting cases and acknowledging broad

construction of § 3161(h)(1)(D), but "reject[ing] a definition of 'motion' so broad that any filing can be deemed a motion").

Against this backdrop, Defendant Rodriguez's request for a modification of conditions of release—though in letter form, unopposed, and granted without a hearing—undoubtedly constituted a motion for speedy trial purposes and hence created excludable time. Reflected in Table A are the days counted towards and excluded from Defendant Rodriguez's speedy trial clock. Excludable dates include the date on which an excludable event occurs, the date on which a motion is filed, and the date on which a motion is decided. 18 USC § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion"); § 3161(h)(1)(H) (excluding periods "during which any proceeding concerning the defendant is actually under advisement by the court"); § 3161(h)(7)(A) (excluding "period of delay resulting from a continuance"); see also United States v. Willaman, 437 F.3d 354, 359 (3d Cir. 2006) (citing United States v. Yunis, 723 F.2d 795, 797 (11th Cir. 1984)).

| TABLE A.   LUIS RODRIGUEZ ||||
|---|---|---|---|
| ECF | DATE (2015) | EVENT | COUNTED / EXCLUDED |
| 26 | Jan. 16 | Initial appearance | -- |
| 31 | Jan. 16 | Continuance through Mar. 17 | -- |
| 41 | Jan. 30 | Continuance through Mar. 31 | -- |
| 51 | Mar. 31 | Continuance through Apr. 30 | -- |
|  | May 1 | Speedy trial time through May 12 | 12 |
| 65 | May 13 | Letter requesting modification of conditions of release | -- |
| 67 | May 22 | Order modifying conditions of release | -- |
|  | May 23 | Speedy trial time through May 30 | 8 |
| 68 | May 31 | Motion to dismiss | -- |
|  |  |  | **20** |

The time elapsed and not excluded amounts to twenty days and falls short of the thirty required for Defendant Rodriguez to establish a violation of his speedy trial right. His motion, therefore, is denied.

### D. The Remaining Movants' Motions to Dismiss

#### i. Parties' Arguments

The Court next considers whether the remaining Movants' speedy trial rights were violated. This depends on whether an excludable event attributable to one Defendant applies to every Defendant. Specifically, the parties disagree as to the pre-indictment applicability of 18 USC § 3161(h)(6), which excludes "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." The Movants[5] construe this provision to mean that "Section 3161(h)(6) does not apply pre-indictment" because "[p]re-indictment, defendants cannot be joined for trial, nor can the Court determine whether the time for trial has run, since, without indictment, there can be no trial." The Government interprets § 3161(h) to apply to pre-indictment and pre-trial periods of delay with equal force such that § 3161(h)(6) attributes one Defendant's excludable time to every other Defendant. The Government further contends that all excludable delays were reasonable and summarizes its position by asserting that, "because no days have run on codefendant Bernard Rosenblum's personal Speedy Trial clock, no days have run on the Speedy Trial clock for movants either."

---

[5] Although Defendant Rodriguez's motion is denied, the arguments set forth in his brief are considered insofar as they apply to the remaining Movants because each Movant joined Defendant Rodriguez's motion. (ECF Nos. 77-1, 78-1, 80-1.)

### ii.   Statutory Construction

Faced with competing interpretations of § 3161(h)(6), the Court must employ tenets of statutory interpretation to construe the provision and apply it to the particular circumstances presented. "The first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Ki Se Lee v. Ashcroft, 368 F.3d 218, 222 (3d Cir. 2004) (citations and quotations omitted). If the statutory language is plain, it must be enforced according to its terms. King v. Burwell, 135 S. Ct. 2480, 2489 (2015) (citing Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 251 (2010)). Because the Court must avoid construction of "isolated provisions," words must be read "in their context and with a view to their place in the overall statutory scheme." King, 135 S. Ct. at 2489 (citations and quotations omitted). Courts accordingly should interpret statutory language "as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into an harmonious whole." Food & Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 133 (2000); Ki Se Lee, 368 F.3d at 222 (Courts "must also be cognizant of the specific context in which that language is used, and the broader context of the statute as a whole." (citations and quotations omitted)). The Court therefore seeks to "adopt a construction which recognizes each element of the statute." Ki Se Lee, 368 F.3d at 222 (citing Acceptance Ins. Co. v. Sloan, 263 F.3d 278, 283 (3d Cir. 2001)).

There is no shortage of cases interpreting and applying 18 USC § 3161(h) and (h)(6) to post-indictment calculations of excludable time. See e.g., Arbelaez, 7 F.3d at 347; United States v. Margheim, 770 F.3d 1312, 1318-19 (10th Cir. 2014) cert. denied, 135 S. Ct. 1514 (2015); United States v. Harris, 567 F.3d 846, 849-50 (7th Cir. 2009) cert. denied, 130 S.Ct. 1032 (2009). There is dearth of case law, however, addressing the pre-indictment application of those provisions. For example, while it has not explicitly considered pre-indictment co-defendants under § 3161(h)(6),

the Ninth Circuit has held that other subsections of § 3161(h) apply prior to indictment. See United States v. Pete, 525 F.3d 844, 852 (9th Cir. 2008) ("hold[ing] that the automatic exclusion of time for interlocutory appeals under § 3161(h)(1)(F) is applicable pre-indictment under § 3161(b)"); United States v. Martinez-Martinez, 369 F.3d 1076, 1085 (9th Cir. 2004) (holding that the exclusion of time for the absence or unavailability of the defendant under § 3161(h)(3) is applicable pre-indictment under § 3161(b)). A few District Courts have adopted the Ninth Circuit's reasoning in concluding that a co-defendant's excludable time applies to a defendant's thirty-day pre-indictment period. See United States v. Cabrera, 15-CR-0115 CCC, slip op. (D.N.J. Jul. 22, 2015) affirming United States v. Cabrera, 13-MJ-3674 MF, 2015 WL 260888 (D.N.J. Jan. 21, 2015); United States v. Brown, 2013 WL 4833138, at *1-2 (W.D.N.Y. Sept. 10, 2013); United States v. Alli, 2009 WL 3644834, at *1-2 (D. Minn. Oct. 30, 2009).

By contrast, the D.C. Circuit explicitly held that, pre-indictment, an event attributable to one defendant does not equate to excludable time for a co-defendant. United States v. Garrett, 720 F.2d 705, 708 (D.C. Cir. 1983) (construing the former § 3161(h)(7), which is identical to the current (h)(6)). In Garrett, the Court noted the absence of case law on the pre-indictment issue and concluded that the subsection "operates only to exclude delay occurring in the second phase of a criminal prosecution—the time between indictment (or initial presentation) and trial." Id. at 705, n.1. In addition, the Court stressed that "[t]he text excludes delay "when the defendant is *joined for trial* with a codefendant as to whom *the time for trial* has not run[.]" Id. (emphasis in original). The Court further noted that "[t]he legislative history of the Act supports the more restrictive reading[]" in that the history provides that "'[t]he purpose of the provision is to make sure that [the Speedy Trial Act] does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to a speedy trial dismissal

motion under section 3162.'" Id. at 708-09 (quoting S.Rep. No. 1021, 93d Cong., 2d Sess. 38 (1974)).

While instructive, none of these cases compels the result reached here. See Am. Elec. Power Co. v. Connecticut, 131 S. Ct. 2527, 2540 (2011) ("[F]ederal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court."); In re Grossman's Inc., 607 F.3d 114, 121 (3d Cir. 2010); Threadgill v. Armstrong World Indus., Inc., 928 F.2d 1366, 1371, n.7 (3d Cir. 1991). The Martinez-Martinez line of cases generally have 1) held that the Speedy Trial Act makes no distinction regarding the applicability of exclusions under § 3161(h) to the pre-indictment the pretrial periods, and 2) thereby rejected the contention that Congress intended some exclusions to apply to the pre-indictment period, some to the pretrial period, and others to both periods. See e.g., Pete, 525 F.3d at 852 (asserting, albeit without reference to Martinez-Martinez, that the Act makes no distinction between the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period and the pretrial period). In accordance with tenets of statutory construction, however, the textual inquiry is not limited to § 3161(h), as (h)(6) must also be carefully scrutinized. See Ki Se Lee, 368 F.3d at 222.

Section 3161(h)(6) excludes "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." This subsection plainly contemplates joinder for trial absent a successful motion to sever. In light of the explicit references to joinder, trial, and severance in § 3161(h)(6), the Court examines the applicable federal rules[6] in addition to the text of § 3161(h) in an effort to construe

---

[6] As opposed to the corresponding statutes, which provide no substance. See 18 USC § 3364 (full text: "Joinder of two or more defendants charged in same indictment, Rule 8(b)."); 18 USC § 3437 (full text: "Relief from prejudicial joinder of defendants or offenses, Rule 14.").

the provisions as a coherent and harmonious scheme. See Burns v. United States, 501 U.S. 129, 136-37 (1991) (rejecting a construction that is "contrary to the text of [Criminal] Rule 32(a)(1)"); Marek v. Chesny, 473 U.S. 1, 9-10 (1985) (applying principles of statutory interpretation and concluding that a "'plain meaning' interpretation of the interplay between [Civil] Rule 68 and § 1988 is the only construction that gives meaning to each word in both Rule 68 and § 1988[]"); Kotteakos v. United States, 328 U.S. 750, 774-75 (1946) (holding that the statutes governing joinder (the former 18 USC § 557, which is reflected in current Rules 8 and 14) and harmless error "must be construed and applied so as to bring them into substantial harmony, not into square conflict").

First, § 3161(h)(6) concerns those who are "joined for trial," yet Defendants cannot be tried on a criminal complaint for the crimes charged. Compare F. R. Cr. P. 7 with 18 USC §§ 1956(a)(1)(B)(i), (a)(1)(B)(ii), (h). Next, Rule 8 of the Federal Rules of Criminal Procedure governs joinder of offenses or defendants and provides for joinder only in the context of an "indictment or information." Similarly, Rule 13 addresses joint trials and provides that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Moreover, Rule 14 permits relief from prejudicial joinder and applies to an "indictment, an information, or a consolidation for trial." Still further, Rule 12(b)(3)(B) identifies "improper joinder" as a type of "defect in the indictment or information" that may be raised in a pretrial motion. And Rule 12(b)(3)(D) identifies "severance of charges or defendants under Rule 14" as another issue that may be raised in a pretrial motion.

Just as § 3161(h)(6) plainly contemplates joinder for trial absent a successful motion to sever, the pertinent Rules clearly do not contemplate a criminal complaint and instead uniformly

apply where there is an indictment or information. By extension, § 3161(h)(6) applies only where there is an indictment or information. It therefore cannot be concluded that the Rules nevertheless apply to a criminal complaint. See In re Kaiser Aluminum Corp., 456 F.3d 328, 330 (3d Cir. 2006) ("A basic principle of statutory construction is that we should avoid a statutory interpretation that leads to absurd results."). Reading § 3161(h), (h)(6), and the Rules in conjunction and according to their terms, the Court therefore discerns no ambiguity and concludes that the plain language of § 3161(h)(6) does not apply to the pre-indictment phase. See Lawrence v. City of Phila., Pa., 527 F.3d 299, 316-17 (3d Cir. 2008) (absent ambiguity, the plain meaning of the text is conclusive and the interpretive inquiry comes to an end). To find otherwise would bring the § 3161(h) into conflict with (h)(6) and the Federal Rules such that the latter subsection and Rules would be rendered nullities. See Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. 552, 562 (1990) (expressing "deep reluctance" to interpret statutory provisions "so as to render superfluous other provisions in the same enactment").

The Court is unmoved by the Government's concern that the construction adopted here would force a court "to speculate as to which provisions apply in one context versus the other" or "to engage in a guessing game." (Gov. Opp., ECF No. 87, at 11-12 (quoting United States v. Fahnbulleh, 742 F. Supp. 2d 137, 146-48 (D.D.C. 2010) aff'd, 752 F.3d 470 (D.C. Cir. 2014))). The most reasonable construction of § 3161(h) is that Congress intended its subsections to apply *where logically applicable*. Thus, no speculation is required and consistent application is achieved through a harmonious reading of a given subsection along with any related statutes or rules.[7] See Chesny, 473 U.S. at 9-10; United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates,

---

[7] For example, a court faced with the application of the transfer provision, § 3161(h)(1)(E), would examine Rule 21(d) (time to file a motion to transfer) of the Federal Rules of Criminal Procedure, then Rule 10 (arraignment) by virtue of Rule 21(d).

Ltd., 484 U.S. 365, 371 (1988) (Because statutory construction "is a holistic endeavor[,] [a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme—because the same terminology is used elsewhere in a context that makes its meaning clear[.]"). Upon review of the particular provisions and rules implicated here, it is plain that § 3161(h)(6) applies only to the post-indictment phase. Moreover, the Court is mindful that Congress, through its repeated reenactments of the Speedy Trial Act, was cognizant of the Rules of Criminal Procedure and the fact that (h)(6), by its terms, concerns joint trial and severance—matters that are plainly governed by those Rules. See McNary v. Haitian Refugee Ctr., Inc., 498 U.S. 479, 496 (1991) (Congress is presumed to legislate with knowledge of existing statutes on same subject matter as well as the basic rules of statutory construction.); Albernaz v. United States, 450 U.S. 333, 340-42 (1981) (same, in criminal context). The Act was last revisited by Congress in 2008 and the pertinent Rules have undergone only stylistic or immaterial changes since the original passage of the Act in 1974. Compare 18 USC § 3161, Pub.L. 110-406, § 13, Oct. 13, 2008, 122 Stat. 4294, with F. R. Cr. P. 8, 12-14, Advisory Committee Notes. And as for the Government's emphasis on the practical consideration that defendants involved in an alleged conspiracy should remain together, the Court notes that at such an early stage of proceedings this concern is at its nadir and, in any event, to mitigate the absence of the collective tolling effect of (h)(6) and avoid any pressure to indict the Government may petition the Court via § 3161(h)(7)(A) to prevent speedy trial violations.

Because the Court construes § 3161(h)(6) not to apply to co-defendants at the pre-indictment stage, it is not necessary to address whether the periods at issue were "reasonable period[s] of delay" under that provision. See United States v. Stephens, 489 F.3d 647, 654 (5th Cir. 2007) ("Attribution of the excludable delay of one codefendant to another codefendant is not,

however, automatic; rather, the period of delay must be reasonable.") (citing Henderson v. United States, 476 U.S. 321, 326-27 (1986)); United States v. Hall, 181 F.3d 1057, 1062-63 (9th Cir. 1999). However, the construction reached here nonetheless is bolstered by the fact that the joinder contemplated by the Speedy Trial Act is the same joinder contemplated by the Federal Rules.[8] This is evidenced by the emphasis that courts have placed on a defendant's failure to move for severance when ascertaining the reasonableness of delays under § 3161(h)(6). See Maryea, 704 F.3d at 64-67 (collecting cases and stating that "we consider the failure to move to sever an important consideration" in light of the holdings of sister circuits); United States v. Messer, 197 F.3d 330, 336-38 (9th Cir. 1999) (applying a totality-of-the-circumstances test in determining reasonableness of applying delay to a co-defendant and listing a defendant's failure to move to sever as a factor to consider); United States v. Vasquez, 918 F.2d 329, 335-37 (2d Cir. 1990) (collecting cases and holding that the exclusion under the former § 3161(h)(7) requires a defendant to move for severance in order to benefit from the reasonableness limitation). No Movant in this matter has moved to sever and it would be a harsh result indeed to hold against a defendant his failure to file a motion that the Rules do not contemplate. See F. R. Cr. P. 8, 12-14.

The Court also notes that because there is no ambiguity, it is unnecessary to parse the legislative history for guidance. See Francis v. Mineta, 505 F.3d 266, 270-71 (3d Cir. 2007) (recognizing that legislative history is a "useful and appropriate tool for [an] inquiry into congressional intent" when the plain statutory text is ambiguous). Were the Court to have found ambiguity regarding the interplay among (h), (h)(6), and the applicable Rules, such history would have dictated the same conclusion reached here. Both the Third Circuit and D.C. Circuit have emphasized the Act's legislative history concerning Congress' desire not to alter the rules on

---

[8] At oral argument, the Government sought to differentiate between joinder as contemplated by statute and rule.

severance of codefendants. United States v. Novak, 715 F.2d 810, 814 (3d Cir. 1983) (quoting S.Rep. No. 1021, 93d Cong., 2d Sess. 38 (1974)), abrogated on other grounds by United States v. Felton, 811 F.2d 190, 195-99 (3d Cir. 1987); Garrett, 720 F.2d at 708-09 (same). The Court interprets the history to mean that the Federal Rules must be faithfully construed in conjunction with § 3161(h) and (h)(6) such that the latter do not operate irrespective of the former. Again, the pertinent Rules have undergone only stylistic or immaterial changes since the original passage of the Act in 1974. See F. R. Cr. P. 8, 12-14, Advisory Committee Notes. The Court likewise declines to consider the rule of lenity due to the lack of ambiguity, but its application also would have supported the result here. See Whitman v. United States, 135 S. Ct. 352, 353 (2014) (denying petition for a writ of certiorari) ("The rule of lenity requires interpreters to resolve ambiguity in criminal laws in favor of defendants."); United States v. Diaz, 592 F.3d 467, 471 (3d Cir. 2010) (applying rule of lenity and noting that it is reserved for statutes with "grievous ambiguity" and situations in which the court could "say without hesitation that after seizing everything from which aid can be derived we are left with an ambiguous statute." (citations and quotations and brackets omitted)).

### iii. Calculations of Remaining Movants' Speedy Trial Clocks

In accordance with the foregoing, the tables below reflect the days counted towards and excluded from the remaining Movants' speedy trial clocks. Again, excludable dates include the date on which an event occurs, the date on which a motion is filed, and the date on which a motion is decided. 18 USC § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion"); § 3161(h)(1)(H) (excluding periods "during which any proceeding concerning the defendant is actually under advisement by the court"); § 3161(h)(7)(A) (excluding "period of delay resulting from a continuance"); see also Willaman, 437 F.3d at 359 (citing Yunis, 723 F.2d at 797).

| TABLE B.   WAYNE HAMERLING ||||
|---|---|---|---|
| ECF | DATE (2015) | EVENT | COUNTED / EXCLUDED |
| 9 | Jan. 16 | Initial appearance | -- |
|  | Jan. 17 | Speedy trial time through Jan. 29 | 13 |
| 40 | Jan. 30 | Continuance through Feb. 28 | -- |
| 47 | Feb. 27 | Continuance through Mar. 30 | -- |
|  | Mar. 31 | Speedy trial time through Apr. 7 | 8 |
| 54 | Apr. 8 | Continuance through May 7 | -- |
| 58 | Apr. 28 | Letter requesting modification of conditions of release | -- |
| 62 | May 6 | Order modifying conditions of release | -- |
|  | May 8 | Speedy trial time through May 11 | 4 |
| 63 | May 12 | Continuance through Jun. 26 | -- |
|  | Jun. 27 | Speedy trial time through Jul. 14 | 18 |
| 77 | Jul. 15 | Motion to dismiss | -- |
|  |  |  | **43** |

The time elapsed and not excluded amounts to forty-three days and exceeds the thirty required for Defendant Wayne Hamerling to establish a violation of his speedy trial right. Pursuant to 18 USC §§ 3161(b) and 3162(a)(1), the Court must therefore grant his motion and dismiss the criminal complaint.

| TABLE C.   DIANNE HAMERLING ||||
|---|---|---|---|
| ECF | DATE (2015) | EVENT | COUNTED / EXCLUDED |
| 13 | Jan. 16 | Initial appearance | -- |
|  | Jan. 17 | Speedy trial time through Jan. 28 | 12 |
| 39 | Jan. 29 | Continuance through Feb. 28 | -- |
| 46 | Feb. 27 | Continuance through Mar. 30 | -- |
|  | Mar. 31 | Speedy trial time through Apr. 7 | 8 |
| 53 | Apr. 8 | Continuance through May 7 | -- |
|  | Apr. 13 | Request for modification of conditions of release | -- |
| 55 | Apr. 14 | Order modifying conditions of release | -- |
|  | May 8 | Speedy trial time through May 11 | 4 |
| 64 | May 12 | Continuance through Jun. 26 | -- |
|  | Jun. 27 | Speedy trial time through Jul. 15 | 19 |
| 78 | Jul. 16 | Motion to dismiss | -- |
|  |  |  | **43** |

The time elapsed and not excluded amounts to forty-three days and exceeds the thirty required for Defendant Dianne Hamerling to establish a violation of her speedy trial right. Pursuant to 18 USC §§ 3161(b) and 3162(a)(1), the Court must therefore grant her motion and dismiss the criminal complaint.

| TABLE D.    ALFREDO CASTANEDA |||||
|---|---|---|---|
| ECF | DATE (2015) | EVENT | COUNTED / EXCLUDED |
| 32 | Jan. 16 | Initial appearance | -- |
| 37 | Jan. 16 | Continuance through Mar. 17 | -- |
| 42 | Feb. 6 | Bond Hearing | -- |
| 43 | Feb. 11 | Order modifying conditions of release | -- |
| 48 | Mar. 17 | Continuance through Apr. 16 | -- |
| 56 | Apr. 17 | Order modifying conditions of release | -- |
|  | Apr. 18 | Speedy trial time through Apr. 26 | 9 |
| 57 | Apr. 27 | Continuance through May 28 | -- |
|  | May 29 | Speedy trial time through Jul. 16 | 49 |
| 80 | Jul. 17 | Motion to dismiss | -- |
|  |  |  | **58** |

The time elapsed and not excluded amounts to fifty-eight days and exceeds the thirty required for Defendant Castaneda to establish a violation of his speedy trial right. Pursuant to 18 USC §§ 3161(b) and 3162(a)(1), the Court must therefore grant his motion and dismiss the criminal complaint.

**E.    Nature of Dismissal**

Section 3162(a)(1) applies to a failure to timely file an indictment or information under § 3161(b) and provides, in pertinent part, that "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." The Movants seek dismissal with prejudice, while the Government argues that any dismissal should be without prejudice.

The Court recognizes the burdens placed on the Movants as a result of the criminal charges lodged against them: from arrest and bail restrictions, to the personal and professional costs of mounting a defense, and to the stress and uncertainty that inhere to the possibility of incarceration or significant financial penalties. The Court also does not take lightly the argument emphasized by defense counsel at oral argument: that the delays in this matter cause particular detriment to the Movants, their families, and their careers, while the Government may be utilizing that time to secure plea deals and additional evidence against them. See Hall, 181 F.3d at 1063 ("Thus, in being carried along in [his co-defendant's] continuances, [the defendant] was effectively prevented from going to trial until the government had secured [the co-defendant] as a witness against him.").

On balance, however, the Court finds that the factors set forth by § 3162(a)(1) warrant dismissal without prejudice. First, the allegations in the complaint—that Defendants conspired to use an ostensibly legitimate business to launder narcotics proceeds—are serious and, assuming Defendants are indicted and convicted, 18 USC §§ 1956-57 provides stiff potential penalties in the form of fines of up to $500,000 and imprisonment of up to twenty years. Next, while dismissal is appropriate here, the Court notes that the delays for the prevailing Movants did not extend far beyond the thirty day limitation. Further, the Court discerns no bad faith or malicious intent on the part of the Government in failing to seek continuances as to the Movants or generally in delaying such that the speedy trial violations occurred. As for the impact of re-prosecution and prejudice to the Movants, the Court again notes the arduous nature of facing criminal prosecution, but each Movant currently is on release and has competent counsel through whom he or she may continue to diligently litigate. And based on the circumstances of the violations here, the Court sees no need for dismissal with prejudice for the sake of deterring future violations. The Court concludes, therefore, that the appropriate remedy is dismissal without prejudice.

**IV.    Conclusion**

In light of the foregoing, the Court finds that Defendant Rodriguez did not suffer a violation of his right to a speedy trial under 18 USC § 3161(b) because, accounting for excludable periods of delay, fewer than thirty days elapsed. Defendants Wayne Hamerling, Dianne Hamerling, and Alfredo Castaneda, however, have demonstrated violations of their rights to a speedy trial because, accounting for excludable periods of delay, more than thirty days elapsed as to each.

**ACCORDINGLY, IT IS** on this 19th day of August, 2015,

**ORDERED** that the motion to dismiss filed by Defendant Luis Rodriguez is **DENIED**; and

**ORDERED** that the motions to dismiss filed by Defendants Wayne Hamerling, Dianne Hamerling, and Alfredo Castaneda are **GRANTED**; and

**ORDERED** that the criminal complaint as to Defendants Wayne Hamerling, Dianne Hamerling, and Alfredo Castaneda is **DISMISSED WITHOUT PREJUDICE**; and

**ORDERED** that the Clerk shall terminate ECF Nos. 68, 77, 78, and 80.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**